IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 18, 2020 Session

**IN RE RUKIA B., ET AL.**

**Appeal from the Campbell County Circuit Court
No. 2018-AJ-564    John McAfee, Judge**



**No. E2020-00422-COA-R3-PT**

Nathan B. ("Father") and Kendra B. ("Stepmother") appeal the judgment of the Campbell County Circuit Court (the "Trial Court") denying their petition for termination of the parental rights of Hannah B. ("Mother"), as to Mother's two biological children. Because the Trial Court's final order does not contain sufficient findings of fact and conclusions of law as to the best interests of the children, this Court is unable to engage in meaningful appellate review, and the judgment of the Trial Court is vacated and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated and Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON II, J., joined.

Robert R. Asbury, Jacksboro, Tennessee, for the Appellants, Nathan B. and Kendra B.

Kristie N. Anderson, Jacksboro, Tennessee, for the Appellee, Hannah B.[1]

**OPINION**

This case arises from a termination of parental rights proceeding that took place on April 24, 2019.  Father and Stepmother (together, "Appellants") sought to terminate the parental rights of Mother as to both of Mother's biological children, Rukia B. and Aria B. At the close of proof, the Trial Court ruled that Appellants satisfied their burden of proving by clear and convincing evidence that Mother had abandoned both children through her willful failure to visit and willful failure to support the children.  However, the Trial Court then determined that termination of Mother's parental rights would not be in Rukia's best

---

[1] In cases involving minor children, it is this Court's policy to redact names in order to protect the children's identity.

interests and denied Appellants' petition. The Trial Court's final order provides, in pertinent part, as follows:

> T.C.A. § 36-1-113 (g)(1) - Abandonment has occurred as defined in T.C.A. §36-1-102 based upon [Mother's] willful failure to visit, willful failure to pay child support, or willful failure to make reasonable payments toward the support of the children for a period of four (4) consecutive months immediately preceding the filing of this Petition. The uncontested testimony revealed that the biological mother has a long history of substance abuse and addiction, that she had not had any meaningful contact with either child for more than two years at the time of trial, and that she had never paid any support, token or otherwise, for either child since the time of the parties' divorce.
>
> C. Best interests: Under Tennessee Code Annotated Section 36-1-113(i)(1), the Court is required to find that termination of parental rights is in the children's best interests.
>
> In this case, the Court finds that there is not clear and convincing evidence that termination of [Mother's] parental rights is in the best interests of the children for the following reasons:
>
> 1. [Stepmother] insisted that Rukia testify.
>
> 2. During the testimony of Rukia, she repeatedly looked at [Stepmother].
>
> 3. That there was an obvious closeness between Rukia and [Stepmother].
>
> 4. That while Rukia had some good relations with [Mother] in the past, at the time of trial the child expressed no feelings for or love for [Mother].
>
> 5. That Rukia appeared to have a lack of empathy for her [Mother].
>
> 6. That the children are "in a loving, caring home with the biological father and obviously [Stepmother] was a very caring person, a very loving person..."
>
> 7. That it appeared to the Court that [Rukia] wanted to "declare her independence of her biological mother and insistence on her being adopted by [Stepmother]. And that lack of empathy was concerning to me...."

2

8. That [Rukia's] statement that she did not want to have any relations with her paternal grandmother did not "seem right" and showed a lack of empathy toward the grandmother.

9. That the Court's decision was based "primarily upon the 11 year old's testimony. It wasn't based upon the fact that [Mother] had shown some interest in regaining a relationship or she was trying. It was my concern, was in reference to the 11 year old's testimony in court."

10. That the Court felt that Rukia was trying to please [Stepmother].

11. That the Court felt that Rukia "has a very close relationship, she loves [Stepmother] tremendously."

As a threshold issue, Appellants assert that the Trial Court's final order is deficient because the discussion of best interests addresses only one child and does not demonstrate that the Trial Court considered the appropriate factors. We agree.

In order to terminate parental rights, a trial court must find by clear and convincing evidence that: (1) the statutory grounds for termination of parental and guardianship rights have been established, and (2) termination is in the best interests of the child. *See* Tenn. Code Ann. § 36-1-113(c). The trial court must make specific findings of fact and conclusions of law. *See* Tenn. Code Ann. § 36-1-113(k); *In re Angela E.*, 303 S.W.3d 240, 255 (Tenn. 2010) (holding that this statute "clearly and unequivocally requires the trial court to make the statutorily required findings and conclusions"). This Court "has routinely remanded contested termination cases to the trial court for failure to make findings of fact and/or conclusions of law, whether related to the grounds for termination or the child's best interests." *Id.* at 251; *see also In re B.B.*, No. M2016-00953-COA-R3-PT, 2017 WL 782721, at *5 (Tenn. Ct. App. Feb. 28, 2017) ("[T]he requirements of Tenn. Code Ann. § 36-1-113(k) also apply to the best interest determination."). When a trial court's order lacks sufficient "analysis of the [best interests] factors . . . and their applicability to the facts of [the] case[,]" remand of the case is appropriate. *In re Zoey L.*, No. E2019-01702-COA-R3-PT, 2020 WL 2950549, at *2 (Tenn. Ct. App. June 3, 2020). In light of the grave consequences of termination proceedings, such "individualized decision making" is a well-established requirement. *In re K.J.G.*, No. E2015-00087-COA-R3-PT, 2016 WL 1203800, at *3 (Tenn. Ct. App. Mar. 28, 2016).

Here, the Trial Court's order fails to comply with Tennessee Code Annotated section 36-1-113(k). It is unclear from the order whether the Trial Court considered the best interests of both children, as there is no mention of Aria in the best interests analysis. Because the mandates of Tennessee Code Annotated section 36-1-113(k) also apply to the best interests determination, this omission alone is grounds to vacate and remand this case. However, the Trial Court's order is also insufficient because there is no indication the Trial

3

Court considered the appropriate best interests factors as to Rukia. *See* Tenn. Code Ann. § 36-1-113(i)(1)–(9). Rather, the Trial Court relied on its conclusion that Rukia's testimony was potentially influenced by Stepmother and that Rukia exhibited a "lack of empathy" towards her Mother. Although these issues may very well play into one or more of the section 36-1-113(i) factors, these conclusions standing alone do not satisfy the requirements of the best interests analysis. As it stands, the order is such that we are unable to engage in meaningful appellate review of the Trial Court's decision. Consequently, this case is remanded to the Trial Court with instructions to make findings of fact and conclusions of law addressing both Aria and Rukia, as well as the pertinent best interests factors as they apply to the facts of this case.

## CONCLUSION

The judgment of the Campbell County Circuit Court is hereby vacated and remanded. Costs of this appeal shall be taxed equally between the Appellants, Nathan B. and Kendra B., and the Appellee, Hannah B.

_____
KRISTI M. DAVIS, JUDGE